UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRANS-INDUSTRIES, INC.,

        Debtor,

RICHARD A. SOLON,

        Appellant,

v.

Case Number 10-10401
Honorable David M. Lawson

DAVID W. ALLARD,

        Appellee,
                                     /

**ORDER GRANTING MOTION BY DEFENDANT**
**RICHARD A. SOLON FOR PERMISSION TO APPEAL**

Richard A. Solon, a defendant in an adversary proceeding pending in the bankruptcy court, seeks permission to appeal an order entered by the bankruptcy judge denying Solon's motion to strike a jury demand. The trustee commenced an adversary proceeding against Solon and others for breach of fiduciary duty under sections 502(a)(2) and 409(a) of the Employee Retirement and Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132(a)(2), 1109(a), and demanded a jury. The defendant moved to strike the jury demand, arguing that the trustee's action was equitable in nature and no jury trial was allowed. The bankruptcy court denied the motion on January 14, 2010, and the defendant file the present motion in this Court on January 28, 2010. No response has been filed.

District courts may hear appeals of interlocutory orders from the bankruptcy courts upon leave granted. 28 U.S.C. § 158(a)(3). The Sixth Circuit counsels that interlocutory appeals should be granted only in "exceptional cases," *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir.1993) (internal citations omitted), because of the disruption and delay that is inherent in the

immediate appeal of an order. *United States v. Bilsky*, 664 F.2d 613, 615 (6th Cir.1981).

One source of for district courts determining whether to allow an interlocutory appeal from a bankruptcy court order is the statute that authorizes certification of interlocutory appeals from the district court to a court of appeals, 28 U.S.C. § 1292(b), and the standards adopted by the Sixth Circuit thereunder. *See In the Matter of PHM Credit Corp.*, 99 B.R. 762, 767 (E.D. Mich.1989). Section 1292(b) allows appeals to the court of appeals from interlocutory district court orders when "such order involves a controlling question of law as to which there is substantial ground for difference of opinion," provided that "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Interpreting that statute, the Sixth Circuit has identified four elements that must be present before an interlocutory appeal may be authorized:

> (1) [T]he question involved mist be one of "law"; (2) it must be 'controlling'; (3) there must be a substantial ground for "difference of opinion" about it; and (4) an immediate appeal must "materially advance the ultimate termination of the litigation."

*Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444, 446 (6th Cir. 1974) (citing *Milbert v. Bison Laboratories*, 260 F.2d 431, 433 (3rd Cir. 1958.); *see also W. Tenn. Chapter of Assoc. Builders & Contractors, Inc. v. City of Memphis (In re City of Memphis)*, 293 F.3d 345, 350 (6th Cir. 2002). The appellant has the burden to establish exceptional circumstances that warrant review of an interlocutory order. *In re Dow Corning Corp.*, 255 B.R. 445 (E.D. Mich. 2000).

A question of law is controlling "if it could materially affect the outcome of the case." *In re City of Memphis*, 293 F.3d at 350 (citing *In re Baker & Getty Fin. Servs., Inc. v. Nat'l Union Fire Ins. Co.*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1992). In order for a question to be controlling, it must be shown that there is substantial ground for difference of opinion, *In re Lott*, 424 F.3d 446, 449 (6th Cir. 2005), and that an immediate appeal may materially affect the outcome of the litigation. *In re*

*Baker & Getty Fin. Servs. Inc.*, 954 F.2d at 1172 n.8 (quoting *Ariz. v. Ideal Basic Indus. (In re Cement Antitrust Litig.)*, 673 F.2d 1020, 1026 (9th Cir. 1981)). A "controlling question of law" need not be "directly related to substance of the controversy between the parties[,]" although it is important that the resolution of the question substantially accelerate the conclusion of litigation. 10 Lawrence P. King, *Collier on Bankruptcy* ¶ 8003.03 (citing 19 Moore's Federal Practice, § 203.31[3]). The controlling question may regard "an order transferring or refusing to transfer an action, a stay of the action pending the appeal, the right to a jury trial, disqualification of counsel, or even discovery." *Ibid.* Controlling questions do not include issues within the trial court's discretion, *In re City of Memphis*, 293 F.3d at 350 (citing *White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994), or that require the reviewing court to study the record or find facts. *In re ASC Inc.*, 386 B.R. 187, 196 (E.D. Mich.2008).

A right to a jury trial is a controlling question of law. *See In re A.P. Liquidating Co.*, 350 B.R. 752, 755 (E.D. Mich. 2006).

The second element is a question of whether or not there exists substantial ground for difference of opinion regarding the correctness of the decision. Under the Seventh Amendment, the right to a jury trial is preserved in suits at common law not suits in equity. *Id.* at 755-56 (citing *Germain v. Conn. Nat'l Bank*, 988 F.2d 1323, 1328 (2d Cir. 1993)).

The final element concerns whether an immediate appeal may materially advance the ultimate termination of the litigation. The Sixth Circuit has found that the decision whether to permit a jury trial in bankruptcy court falls under this category:

> Absent this court's review of the District Order, the bankruptcy court would conduct the jury trial. However, if we later determined that the bankruptcy court lacked the authority to conduct it, then the bankruptcy court jury trial would be invalid and a second jury trial in the district court would be necessary. Thus, an intermediate appeal may avoid protracted and expensive litigation.

*In re Baker & Getty Fin. Servs., Inc.*, 954 F.2d at 1172 (internal quotation and citation omitted); *see also In re A.P. Liquidating Co.*, 350 B.R. at 756 ("Plaintiffs assert that an immediate appeal will . . . avoid[ ] a bench trial that may be overturned on appeal. Plaintiffs claim that such a result is a waste of court resources and the parties' time and expenses. As such, Plaintiffs have shown that the immediate appeal . . . may materially advance the ultimate termination of this litigation.").

The defendant's motion presents the very same question. Equitable actions under section 502(a)(2) and 409(a) have been found to be equitable in nature, carrying no right to a jury trial. *See Trustees of Carpenters Pension Trust Fund v Cimmarron Services, Inc.*, No. 06-15095, 2007 WL 2081459 (E.D. Mich., July 19, 2007). The bankruptcy court in this case acknowledged that there is a split of authority on the question. The determination in advance whether a jury trial is permitted will avoid the prospect of trying the case twice. It is appropriate in this case, therefore, for this Court to exercise its discretion under 28 U.S.C. § 158(a)(3) in favor of allowing an interlocutory appeal.

Accordingly, it is **ORDERED** that defendant Solon's motion for permission to appeal [dkt #1] is **GRANTED**.

It is further **ORDERED** that

- The record from the Bankruptcy Court is due **on or before April 12, 2010**
- The appellant's brief is due **on or before April 27, 2010**
- The appellee's brief is due **on or before May 12, 2010**
- The appellant's reply brief is due **on or before May 24, 2010**

        s/David M. Lawson
        DAVID M. LAWSON
        United States District Judge

Dated: February 12, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 12, 2010.

                                              s/Teresa Scott-Feijoo
                                              TERESA SCOTT-FEIJOO